# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT BONADEO,

      Plaintiff,

v.                                                             No. CIV 08-812 JCH/ACT

BEN LUJAN, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on the "State Defendants' Motion for Protective Order Staying Discovery Until the Court Rules on States Defendants' Dispositive Motions," filed September 22, 2008. [Doc. 12.] State Defendants are Representative Ben Lujan, Representative Jim R. Trujillo, Representative Debbie A. Rodella, and Representative Al Park. On October 6, 2008, Defendants Fred O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage Wholesales Association and Southern Wine and Spirits ("other Defendants")[1] filed a "response," in which they state they concur and join in the State Defendants' motion to stay discovery.

---

[1] There is an additional named Defendant, Maurice Bonal, who has not filed an Answer or entered an appearance in this case. It is unclear whether he was served with the complaint. In addition, there are unidentified "Doe" defendants. A case management plan has not been entered as not all named Defendants have entered an appearance. Thus, there are no case management deadlines set at this time.

1

Plaintiff Robert Bonadeo's ("Bonadeo") deadline for filing a response or opposition to the motion to stay discovery was October 9, 2008. Bonadeo did not file a response, and the time for doing so has elapsed.[2]

The State Defendants filed three Motions to Dismiss, one of which seeks dismissal of all claims against them based on the defense of absolute or qualified immunity.[3] [Doc. 9.] Thus, the question before the Court is whether discovery should be stayed pending a decision on the State Defendants' absolute or qualified immunity motion.

## Procedural Background

Bonadeo sued a number of New Mexico state legislators in their personal and official capacities in accordance with 42 U.S.C. § 1983. He also named as Defendants several lobbyists in their "personal and professional capacities," the Maloof Companies, the New Mexico Alcohol Beverage Wholesalers Association, and Southern Wine and Spirits of New Mexico. Bonadeo's complaint asserts a number of claims against the various defendants and alleges generally that legislation in the state legislature was unlawfully hindered with respect to a bill he authored that pertained to small liquor distiller licenses. [Doc. 1, Exhibit.]

---

[2]On October 6, 2008, Bonadeo requested an extension to file responses to the State Defendants' three separate Motions to Dismiss [Doc. Nos. 9, 10, 11, all of which were filed on September 22, 2008. [Doc. 19.] Bonadeo was granted an extension until November 5, 2008 to file his responses to the motions to dismiss. [Doc. 23.] Bonadeo did not ask the Court to grant him an extension to file a response to the State Defendants' motion to stay discovery nor did the Court grant him an extension as to that motion. [*See* Doc. Nos. 19, 23.]

[3]While State Defendants ask for a stay of discovery based on all three potentially dispositive motions to dismiss, including those motions that do not pertain to a defense of absolute or qualified immunity, the Court grants the stay of discovery only with respect to the motion to dismiss based on an assertion of absolute or qualified immunity. The pendency of a motion to dismiss, even a dispositive motion, does not compel the Court to stay discovery except in limited circumstances where immunity is an issue. *See, e.g.,* District of New Mexico's Scheduling Order ("The pendency of dispositive motions shall not stay discovery.") *See also* Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983) (the guiding principle in deciding whether or not to grant a motion to stay is "[t]he right to proceed in court should not be denied except under the most extreme circumstances.") (internal citation omitted).

**Analysis**

The Court could grant the State Defendants' motion to stay discovery based solely on Bonadeo's failure to respond to the motion. The district court's local rules provide that the failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M. LR-Civ 7.1(a). Here, Bonadeo did not file any opposition to the motion to stay discovery nor did he request an extension of time for filing a response.

In addition to Bonadeo's failure to comply with the district's local rules, the Court determines that the motion to stay discovery should be granted on the merits. The State Defendants have filed a motion to dismiss based on absolute or qualified immunity. They properly seek a stay of discovery pending a ruling on their motion to dismiss in which the State Defendants assert they are immune from suit.

Qualified immunity not only protects governmental employees who perform discretionary functions from liability, but also protects them from the burdens of trial, including discovery. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (*citing* Siegert v. Gilley, 500 U.S. 226 (1991)).

In 2001, the United States Supreme Court reminded trial courts of their responsibility to promptly resolve qualified immunity matters at the earliest opportunity lest the defendants lose the very benefit of the qualified immunity defense by having to participate in discovery. Saucier v.

Katz, 533 U.S. 194, 200-202 (2001). So, too, the law in this circuit is clear. When a defendant files a motion for qualified immunity, the defendant is entitled to a stay of discovery.

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. Saucier v. Katz, 533 U.S. 194, 201 (2001). "[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." Mitchell, 472 U.S. at 526 (internal quotations omitted).

Jiron, 392 F.3d at 414. In other words, discovery should not be allowed until the court resolves the threshold question of whether the law was clearly established at the time the allegedly unlawful action occurred. Workman, 958 F.3d at 336. *Accord* Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).

Even if Bonadeo believed that some discovery was necessary as to the issue of absolute or qualified immunity, he failed to file a Fed. R. Civ. P. 56(f) affidavit. Indeed, he filed no response to the motion to stay discovery nor did he request any discovery. Accordingly, the State Defendants are entitled by law to a stay of discovery until the Court resolve the immunity issues. All discovery will be stayed, not just discovery relating to the State Defendants. Other defendants may not be entitled to the benefits of a qualified immunity defense. However, if the Court permitted any discovery to go forward, the State Defendants would be forced to participate in ongoing discovery to keep abreast of developments in the case.

Should the motion to dismiss based on immunity be denied or should some claims proceed against the other Defendants, the Court will set a Rule 16 Initial Scheduling Conference and enter a case management order regarding discovery.

IT IS THEREFORE ORDERED that the State Defendants' motion to stay discovery pending a decision on their motion to dismiss based on qualified or absolute immunity is GRANTED and the Court stays discovery as to all Defendants pending resolution of that motion.

                                                          */s/ Alan C. Torgerson*
                                                          Alan C. Torgerson
                                                          UNITED STATES MAGISTRATE JUDGE