IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT BONADEO, an individual,

    Plaintiff,

vs.                                        No. CIV 08-0812 JB/ACT

BEN LUJAN, SPEAKER OF THE HOUSE OF
REPRESENTATIVES OF THE STATE OF NEW
MEXICO, in his personal and/or representative
capacities; JIM TRUJILLO, STATE OF NEW MEXICO
REPRESENTATIVE, in his personal and/or representative
capacities; DEBORAH RODELLA, STATE OF NEW
MEXICO REPRESENTATIVE, in her personal and/or
representative capacities; AL PARK, STATE OF NEW
MEXICO REPRESENTATIVE, in his personal and/or
representative capacities; FRED O'CHESKEY, LOBBYIST,
in his personal and professional capacities; MAURICE
BONAL, LOBBYIST, in his personal and professional
capacities; MALOOF COMPANIES, a New Mexico
corporation; NEW MEXICO ALCOHOL BEVERAGE
WHOLESALERS ASSOCIATION, a non-profit corporation
operating under the laws of the State of New Mexico;
SOUTHERN WINE AND SPIRITS OF NEW MEXICO,
a New Mexico corporation; and DOES 1-20, inclusive,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Plaintiff's Motion for Imposition of Rule 11 Sanctions, filed December 12, 2008 (Doc. 41). The Court held a hearing on April 29, 2009. The primary issue is whether the Court should award Plaintiff Robert Bonadeo sanctions under rule 11 of the Federal Rules of Civil Procedure against Defendants Fred O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage Wholesalers Association and Southern Wine and Spirits of New Mexico because of an incorrect date on their certificate of service. Because the Court does not

believe that, based on the facts, sanctions are warranted, the Court will deny the motion.

## FACTUAL BACKGROUND

Bonadeo had made arrangements with The Santa Fe Brewing Company, in Santa Fe, New Mexico, to begin, on its property, the operation of a small local microdistillery, which would manufacture and sell on-site small quantities of micro-distilled liquor and spirits. On or about February 2007, Bonadeo authored Senate Bill 1071, "SMALL LIQUOR DISTILLER LICENSES," which would permit the manufacture and on-site sale of micro-distilled liquor and spirits. Bonadeo worded SB 1071 similar to the existing law for small wineries and small breweries. See NMSA 1978 § 60-6A-21.

State senator John Grubesic sponsored SB 1071. The Senate Corporations and Transportation Committee and Senate Judiciary Committee passed SB 1071.

Bonadeo believes that Defendant Maurice Bonal is a lobbyist for some of the major alcoholic-beverage interests in New Mexico. Bonadeo believes that Defendant Fred O'Cheskey is a lobbyist for Defendant Maloof Companies, Southern Wine and Spirits, and the New Mexico Alcohol Beverage Wholesalers Association. In February 2007, Bonadeo overheard O'Cheskey talking with another person. It appeared to Bonadeo that the two individuals were opposed to SB 1071. Bonal bragged to Bonadeo that, if he "were against [Bonadeo's] bills, it wouldn't even get out of committee." Plaintiff's Complaint for Damages ¶ 31, at 7, filed in federal court September 5, 2008 (Doc. 1-2)("Complaint").

During the legislative session, Bonal and Bonadeo talked about SB 1071. Bonadeo believed that Bonal supported SB 1071. The House Judiciary Committee passed SB 1071. The House Business and Industry Committee initially tabled SB 1071 because of objections by Jim Trujillo. See Complaint ¶ 33, at 8. Later that same day, when Trujillo was absent, SB 1071 passed in that

committee.

Bonadeo believes that the following day, when Trujillo learned that SB 1071 had passed, Trujillo threatened Defendant Deborah Rodella, Chair of the House Business and Industry Committee, that he would resign from her committee if SB 1071 was made law. See Complaint ¶ 35, at 8. As a result, a deal was made between Defendant Trujillo, Defendant Ben Lujan, Defendant Al Park, and Defendant Rodella that Lujan would make a motion to send SB 1071 back to the House Business and Industry Committee when SB 1071 came up on the agenda for a vote on the floor. See Complaint ¶ 35, at 9.

On or about Friday, March 16, 2007, which was the last full day of the legislative session, SB 1071 was directed to the House of Representatives for a vote on the House floor. About an hour before SB 1071 was expected on the house floor, Bonadeo heard from several sources that a deal had been made between Trujillo and Lujan that Lujan would refuse to bring SB 1071 to the House floor for vote. See Complaint ¶ 36, at 9. Bonadeo then talked with Park, "who had promised to carry SB 1071 through the House." Complaint ¶ 37, at 9-10). During this discussion, Bonadeo believed that Park made some false statements to him and stated so to Park. Park then attempted to assault Bonadeo. See id. ¶ 37 at 10.

When SB 1071 was called for vote, Lujan acted to send SB 1071 back to the House Business and Industry Committee, but on a Representative's[1] objection, SB 1071 was instead placed as item #1 on the next day's agenda. See Complaint ¶ 39, at 10. The next day, Lujan did not open SB 1071 for a vote. The legislative session ended without SB 1071 being passed.

## PROCEDURAL BACKGROUND

---

[1] The specific Representative was not identified in the documents.

On August 15, 2008, Bonadeo filed Plaintiff's Complaint for Damages with the First Judicial District Court for the State of New Mexico, County of Santa Fe as cause CV-2008-02280. See Doc. 1-2. On September 5, 2008, Lujan, Trujillo, Rodella and Park filed a Notice of Removal of the matter to federal court. See Doc 1).

On October 9, 2008, O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage Wholesalers Association, and Southern Wine and Spirits filed Defendants' Fred O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage Wholesalers Association and Southern Wine and Spirits' Motion to Dismiss, see Doc. 21, along with Defendants' Fred O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage Wholesalers Association and Southern Wine and Spirits' Memorandum in Support of Their Motion to Dismiss, see Doc. 22, asserting that Bonadeo's Complaint fails to state a claim against them upon which relief can be granted. On November 17, 2008, Bonadeo filed a Motion Seeking Leave of the Court to File Untimely Motion for Extension of Time to File Response to Defendants' O'Cheskey, Maloof Companies, New Mexico Alcohol and Beverage Wholesalers Association and Southern Wine and Spirits' Motion to Dismiss and Memorandum in Support, see Doc. 38, requesting an unspecified extension to file his response to those Defendants' motion, and citing tardy service of the motion and the need for him to author and file seven motions during the same time period. On December 12, 2008, Bonadeo filed the Plaintiff's Motion for Imposition of Rule 11 Sanctions, see Doc. 41, asserting that the certificate of service attached to O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage Wholesalers Association and Southern Wine and Spirits' motion to dismiss was incorrect. Bonadeo alleged that possibly the error was to cause him to miss the motion's response deadline and inferred that the Defendants may have adjusted their postage stamp machine.

On December 23, 2008, O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage

Wholesalers Association and Southern Wine and Spirits filed Defendants' Fred O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage Wholesalers Association and Southern Wine and Spirits' Response to Plaintiff's Motion for Rule 11 Sanctions, see Doc. 42, asserting a willingness to file a "Notice of Errata" to correct the certificate of service and confirming that it could not modify its postage meter machine as suggested by Bonadeo.

On April 29, 2009, the Court held a hearing with regard to the pending motions. Bonadeo did not appear for the hearing. When the Court called the number for Bonadeo that the Court had for him, the line indicated that his telephone had been disconnected. The Court confirmed, however, that the notice of the hearing had been sent to him at the address on file with the Court and that the notice had not been returned to the Court.

### **STANDARD FOR ISSUING SANCTIONS UNDER RULE 11**

The "Court has the inherent power, as well as the authority expressly granted to it under the Federal Rules of Civil Procedure, to impose sanctions where warranted." Carona v. Falcon Services Company, Inc., 72 F. Supp. 2d 731, 733 (S.D. Tex. 1999). It may impose sanctions under Rule 11 at its discretion. See Fed. R. Civ. P. 11(c)(1). For sanctions, rule 11 provides:

**(c) Sanctions.**

> **(1) In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> **(2) Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may

>  award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
>  **(3) On the Court's Initiative.** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>
>  **(4) Nature of a Sanction.** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11 (bold in original). The main purpose behind Rule 11 sanctions is misconduct deterrence not defense compensation. See Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994); Fed. R. Civ. P. 11(c)(4). Sanctions are not warranted where there is a minor or tangential misrepresentation by a party. See Carona v. Falcon Services Company, Inc., 72 F. Supp. 2d at 733. If, considering the "totality of the circumstances," the court finds that the misrepresentation is an honest mistake, sanctions are not warranted. Id.

## ANALYSIS

The certificate of service signed by the Defendants indicates that the motion was mailed on October 6, when, in actuality, it was mailed on October 9. The postage meter stamp on the mailed envelope reflects the date of October 9. The Defendants admit in their response that they accidently and erroneously certified that the motion was mailed on the sixth of the month instead of the ninth. There is nothing to indicate that the error by the Defendants was in bad faith or other than inadvertent. While the Defendants did not use the twenty-one-day safe-harbor period to withdraw or correct the service date, in their response, they did assert a willingness to file a "Notice of Errata"

correcting the Certificate of Service.[2]

Looking at the totality of the circumstances, Bonadeo has not been prejudiced by the three-day difference in the service notice. The Defendants' error was minor. For unknown reasons, the delivery of the motion was significantly delayed and not received by Bonadeo until October 29.[3] On October 17, 2008, more than two weeks after he received the motion, Bonadeo filed a motion seeking leave of court to be permitted to untimely file a motion to extend the amount of time he had to respond to that motion. The hearing on this sanctions motion was held six months to the day after Bonadeo received the Defendants' motion to dismiss. To date, Bonadeo has not filed a response to the motion to dismiss.

The Court is not minimizing that fact that counsel for the Defendants should have noticed the error and are responsible for filing pleadings which are accurate. The Court concludes, however, that such error was not so inexcusably reckless as to warrant sanctions. Accordingly, the Court will deny rule 11 sanctions.

**IT IS ORDERED** that Plaintiff's Motion for Imposition of Rule 11 Sanctions is denied. Defendants should, however, file a "Notice of Errata" correcting the Certificate of Service.

---

[2]There is no dispute that Bonadeo has complied with the filing requirements for the motion. He filed his Rule 11 sanctions motion separate from any other motion and after meeting the twenty-one day safe-harbor provisions of the rule.

[3]While Bonadeo infers that the Defendants may have changed the date on their postage machine, there is nothing to indicate the date on the machine, as evidenced by the date stamp on the mailing envelope, was inaccurate.

                                                                                                    */s/ James O. Browning*
UNITED STATES DISTRICT JUDGE

*Parties and Counsel of Record:*

Robert Bonadeo
Post Office Box 22114
Santa Fe, New Mexico 87502

    *Plaintiff Pro Se*

Luis E. Robles
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Ben Lujan, Jim Trujillo, Deborah Rodella, and Al Park*

Michael J. Cardigan
Cadigan Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Fred O'Cheskey, Maloof Companies, New Mexico Alcohol Beverage Wholesalers Association and Southern Wine and Spirits of New Mexico*

Mark T. Baker
Long, Pound & Komer, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Maurice Bonal*